CARL HAMM, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 7689

July 3, 1974                    523 P.2d 1301

*Morgan D. Harris,* Public Defender, and *George E. Holt,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

In this appeal from an order denying habeas corpus the sole issue is whether the evidence adduced before the magistrate was sufficient to establish probable cause, as required by NRS 171.206, to hold appellant for trial on the felony charge of fraudulent use of a credit card (NRS 205.760).[1]

---

[1] The applicable portion of NRS 205.760 reads:

"1. Any person who, with intent to defraud: . . .

(b) Obtains . . . goods . . . or anything else of value by representing, without the consent of the cardholder, that he is the authorized holder of a specified card . . . is guilty of a public offense and shall be punished . . .

2. Where the amount of money or the value of the goods, property, services or other things of value so obtained in any 6-month period is:

(a) $100 or more, the violator shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years, or by a fine of not more than $5,000, or by both fine and imprisonment.

(b) Less than $100, the violator shall be punished for a misdemeanor."

The information charged that on February 19, 1973, Carl Hamm made unauthorized purchases of a combined value of more than $100.00. The purchases were: (1) Vern Little Service Station, $15.70; (2) Karl's Shoe Store, $53.80; (3) Karl's Shoe Store, $10.34; and, (4) The Pant Tree, $37.26—a total of $117.10. Copies of charge slips on the four sales were admitted in evidence at the preliminary examination.

Appellant, contending the evidence does not justify a felony charge, argues the two Karl's Shoe Store sales slips were erroneously admitted into evidence because the prosecutor failed to lay the foundation required under NRS 51.135, the business records exception to the hearsay rule.[2] We agree.

Raymond Bolliger, manager of the shoe store at the time of the preliminary examination, was the only witness called by the district attorney to connect appellant with the alleged shoe store purchases. Bolliger testified, *inter alia:* that although the shoe store symbol appeared on the two sales slips, he had not been the store manager when the purchases were made; that he had never seen the sales slips until he walked into the court room; that he had no knowledge of where they came from; and, that he could not identify anyone involved in the alleged transaction.

As Bolliger was neither shown to be the custodian of the records, nor otherwise qualified to identify them, the magistrate improperly admitted the two Karl's sales slips. The remaining evidence relating to probable cause consisted of the service station charge ($15.70), and the Pant Tree charge ($37.26), a total of $52.96 which, under NRS 205.760(2)(b), would support only a misdemeanor charge. The district judge should have granted habeas. NRS 34.480.

Accordingly, we reverse and order the felony charge dismissed, without prejudice to the right of the state to institute

---

[2]"51.135 HEARSAY EXCEPTIONS: RECORDS OF REGULARLY CONDUCTED ACTIVITY. A memorandum, report, record or data compilation, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, all in the course of a regularly conducted activity, *as shown by the testimony of the custodian or other qualified witness,* is not inadmissible under the hearsay rule unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." (Emphasis added.)

new proceedings against appellant within fifteen days after remittitur issues.