ROBERT HANKINS AND JUANITA HANKINS, APPEL-
LANTS, v. THE ADMINISTRATOR OF VETERANS
AFFAIRS, AN OFFICER OF THE UNITED STATES OF
AMERICA, RESPONDENT.

No. 8399

October 20, 1976                    555 P.2d 483

*Deaner, Deaner & Reynolds,* of Las Vegas, for Appellants.

*Lawrence J. Semenza,* United States Attorney, *William Turner,* Assistant United States Attorney, of Las Vegas, and *John A. Brant,* of Los Angeles, California, for Respondent.

## OPINION

*Per Curiam:*

This action in unlawful detainer was initiated by the Administrator of Veterans Affairs to cause Robert and Juanita Hankins to vacate their residential premises in Las Vegas following a nonjudicial foreclosure. This foreclosure was effected by a deed of trust which Mr. and Mrs. Hankins had executed to the Veterans Administration upon the reconveyance of the property to them following a previous nine-month default and consequent nonjudicial foreclosure. As guarantor in the first foreclosure, the Veterans Administration (hereinafter VA) obtained the property from the first lender and upon the execution of another promissory note and deed of trust as security returned the property to appellants.

The Hankins again fell into extensive default and the second foreclosure was accomplished. Now, however, they contest the foreclosure proceedings as being defective and not in compliance with statutory requirements. They claim that: (a) the attorney for VA who was the custodian of two exhibits, the VA diary control card and the affidavit of publication of the notice of sale, did not have personal knowledge of the documents or of their accuracy, and that (b) the Hankins did not receive the notice of sale, that the notice incorrectly set the sale at the Clark County Courthouse in North Las Vegas when the Clark County Courthouse is in Las Vegas, not North Las Vegas. Also, that during pendency of the foreclosure proceedings and after the foreclosure was completed they continued to receive payment of notices from the VA which they say led them to believe they could cure the default even after the sale. They did, in truth, tender payment of the total delinquency almost a month after the sale and the tender was refused.

1. The control card and affidavit of mailing were properly admitted. Personal knowledge of the custodian of records is

unnecessary so long as the record's authenticity and use in the regularly conducted, normal course of business are shown as was properly done in this case. Hamm v. Sheriff of Clark County, 90 Nev. 252, 523 P.2d 1301 (1974); United States v. Ahrens, 530 F.2d 781, 784 n. 6 (8th Cir. 1976).

2. Mailing of the notices is all that the statute requires. Their mailing presumes that they were received. Actual notice is not necessary as long as the statutory requirements are met. See Turner v. Dewco, 87 Nev. 14, 479 P.2d 462 (1971). Their previous experience with the same property dilutes the Hankins' contention that they lacked knowledge of the proceedings nor do they show that they were misled by the payment notices or the mistake in reciting the place of foreclosure. Although the courthouse is in Las Vegas, not North Las Vegas, no evidence was presented that prospective bidders appeared at the wrong place. There being no right of redemption in this type of proceedings, NRS 107.080(5), the tender of payment was properly refused.

Finding the requisite statutory compliance, the sale will not be set aside and the judgment of unlawful detainer shall stand.

Affirmed.