# IN THE SUPREME COURT OF THE STATE OF NEVADA

PNC BANK, NATIONAL
ASSOCIATION,
Appellant,
vs.
SATICOY BAY LLC SERIES 9320 MT.
CASH AVE. UT 103,
Respondent.

No. 69595

**FILED**

MAY 25 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly granted summary judgment in favor of respondent. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's summary judgment). In *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), this court held that due process is not implicated when an HOA forecloses on its superpriority lien in compliance with NRS Chapter 116's statutory scheme because there is no state action. Consistent with *Saticoy Bay*, we reject appellant's constitutional argument.[1]

---

[1]As this court observed in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting). The

*continued on next page...*

17-17594

Appellant also argues that the sale should be set aside as commercially unreasonable. As this court observed in *Shadow Wood Homeowners Ass'n, Inc. v. New York Community Bancorp, Inc.*, "'inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale'" absent additional "'proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price.'" 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1111 (2016) (quoting *Golden v. Tomiyasu*, 79 Nev. 503, 514, 387 P.2d 989, 995 (1963)). Here, we disagree that appellant has identified an element of fraud, unfairness, or oppression. Although appellant contends that unfairness exists because its predecessor did not receive the notice of sale,[2] the pertinent statutes require only that the notice be mailed, not received. *Cf. Hankins v. Admin. of Veteran Affairs*, 92 Nev. 578, 580, 555 P.2d 483, 484 (1976) ("Mailing of the notices is all that the statute requires . . . . Actual notice is not necessary as long as the statutory requirements are met."); *Turner v. Dewco Servs., Inc.*, 87 Nev. 14, 16, 479 P.2d 462, 464 (1971) ("The statute does not require proof that the notice be received."). Because appellant has not meaningfully disputed respondent's proffered evidence showing that the notice of sale was indeed mailed to its predecessor, we are not persuaded that the failure to receive the notice presents a genuine issue of material fact to preclude summary judgment. *See Wood*, 121 Nev.

---

*...continued*
record contains evidence, which appellant does not meaningfully dispute, that appellant's predecessor was mailed the statutorily required notices.

[2]Because the parties do not address the issue, we assume for purposes of this disposition that appellant's affiant was attesting on behalf of appellant's predecessor.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

at 729, 731, 121 P.3d at 1029, 1031 (viewing the evidence in the light most favorable to the nonmoving party and recognizing that "[t]he substantive law controls which factual disputes are material"). Indeed, our holding in *Hankins* and *Turner* is recognized elsewhere and appears to be the prevailing view when a statute requires mailing but not receipt. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (applying Texas law to conclude that "[t]here is no requirement that [the former owner] receive the notice" because "[s]ervice is complete when the notice is sent via certified mail"); *Butterfield v. Deutsche Bank Nat'l Trust*, No. 16-CV-348-PB, 2017 WL 1066579, at *2 (D.N.H. Mar. 21, 2017) (applying New Hampshire law to reach same conclusion); *Young v. 1st Am. Fin. Servs.*, 992 F. Supp. 440, 445 (D.D.C. 1998) (applying District of Columbia law to reach same conclusion); *Knapp v. Doherty*, 20 Cal. Rptr. 3d 1, 10 (Ct. App. 2004) (applying California law and pointing out that the homeowners' "evidence to the effect that they did not *actually receive* the Sale Notice, at best, raised an issue of *immaterial* fact"); *see also Griffin v. Bierman*, 941 A.2d 475, 488-89 (Md. 2008) (finding no due process violation when a tax sale notice was mailed but not received); *Harner v. Cty. of Tioga*, 833 N.E.2d 255, 257-58 (N.Y. 2005) (same); *Dennis v. Vanderwater*, 498 So. 2d 1097, 1098-1100 (La. Ct. App. 1986) (same).

Appellant lastly argues that the district court erred in giving conclusive effect to the deed recitals. We need not address whether the district court erred in this regard because the record contains prima facie evidence that the HOA foreclosed on the superpriority portion of its lien such that appellant's deed of trust was extinguished. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602, 172 P.3d 131, 134 (2007) ("If the moving party will bear the burden of persuasion, that party must

present evidence that would entitle it to a judgment as a matter of law in the absence of contrary evidence."). In particular, we conclude that the language in the pre-sale notices constituted prima facie evidence that the HOA was foreclosing on a lien comprised of monthly assessments. *See id.*; *cf. SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014) (observing that an HOA's lien will generally be comprised of monthly assessments). Thus, even without the recitals in respondent's deed, respondent produced evidence sufficient to entitle it to summary judgment in the absence of contrary evidence.[3] *Cuzze*, 123 Nev. at 602, 172 P.3d at 134; *Wood*, 121 Nev. at 729, 121 P.3d at 1029 (recognizing that summary judgment is proper when no genuine issues of material fact exist). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

[3]Appellant has identified additional elements that it contends respondent must establish to demonstrate a valid HOA foreclosure sale, and it contends that respondent failed to present evidence in support of those elements. We are not persuaded that it was respondent's burden to establish the existence or nonexistence of those elements.

cc: Hon. Joseph Hardy, Jr., District Judge
William C. Turner, Settlement Judge
Wolfe & Wyman LLP
Law Offices of Michael F. Bohn, Ltd.
Eighth District Court Clerk