# IN THE SUPREME COURT OF THE STATE OF NEVADA

PNC BANK, NATIONAL
ASSOCIATION, SUCCESSOR IN
INTEREST TO NATIONAL CITY REAL
ESTATE SERVICES, LLC, SUCCESSOR
BY MERGER TO NATIONAL CITY
MORTGAGE, INC., F/K/A NATIONAL
CITY MORTGAGE CO.,
Appellant,
vs.
SATICOY BAY LLC SERIES 5633
DESERT CREEK,
Respondent.

No. 70909

FILED

OCT 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly granted summary judgment in favor of respondent. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's summary judgment). In *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), this court held that due process is not implicated when an HOA forecloses on its superpriority lien in compliance with NRS Chapter 116's statutory scheme because there is no state action. Consistent with *Saticoy Bay*, we reject appellant's constitutional argument as well as appellant's suggestion that we should reconsider *Saticoy Bay*'s holding.[1]

-------

[1] As this court observed in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that notices be sent to a deed of trust beneficiary. 130 Nev., Adv.

Appellant also argues that the sale should be set aside as commercially unreasonable. As this court observed in *Shadow Wood Homeowners Ass'n, Inc. v. New York Community Bancorp, Inc.,* "'inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale'" absent additional "'proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price.'" 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1111 (2016) (quoting *Golden v. Tomiyasu,* 79 Nev. 503, 514, 387 P.2d 989, 995 (1963)). Here, we disagree that appellant has identified an element of fraud, unfairness, or oppression. Although appellant contends that unfairness exists because its predecessor did not receive the notice of default or notice of sale, the pertinent statutes require only that the notices be mailed, not received.[2] *Cf. Hankins v. Admin. of Veteran Affairs,* 92 Nev. 578, 580, 555 P.2d 483, 484 (1976) ("Mailing of the notices is all that the statute requires .... Actual notice is not necessary as long as the statutory requirements are met."); *Turner v. Dewco Servs., Inc.,* 87 Nev. 14, 16, 479 P.2d 462, 464 (1971) ("The statute does not require proof that the notice be received."). Because appellant has not disputed respondent's proffered

_____

Op. 75, 334 P.3d 408, 418 (2014); *id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Trust v. Wells Fargo Bank, NA,* 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting). The record contains undisputed evidence that appellant's predecessor was mailed the statutorily required notices.

[2]Because the record contains no evidence indicating that appellant had a recorded interest in the property or had notified the HOA of its interest at the time the notices were mailed, the HOA was not required to mail appellant the notices. *See* NRS 116.31162-.311635 (2013); NRS 116.31168 (2013). Accordingly, we assume for purposes of this disposition that appellant's affiant was attesting on behalf of appellant's predecessor.

evidence showing that the notice of default and notice of sale were indeed mailed to its predecessor,[3] we are not persuaded there is a genuine issue of material fact to preclude summary judgment.[4] *See Wood*, 121 Nev. at 729, 731, 121 P.3d at 1029, 1031 (viewing the evidence in the light most favorable to the nonmoving party and recognizing that "[t]he substantive law controls which factual disputes are material"). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Gloria Sturman, District Judge
Janet Trost, Settlement Judge
Wolfe & Wyman LLP
Law Offices of Michael F. Bohn, Ltd.
Eighth District Court Clerk

---

[3]While not necessary to our disposition, we nevertheless note that the record contains evidence contradicting appellant's affidavit and showing that appellant's predecessor did, in fact, receive the notice of sale.

[4]To the extent that appellant alleges unfairness based on language in the CC&Rs, we decline to consider that argument because it was not made in district court. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). We also disagree with appellant's argument that unfairness exists by virtue of the foreclosure notices not delineating the superpriority lien amount. *See SFR Invs.*, 130 Nev., Adv. Op. 75, 334 P.3d at 418 (observing that it is "appropriate" for the notices to state the total lien amount because they are sent to the homeowner and other junior lienholders).