# IN THE SUPREME COURT OF THE STATE OF NEVADA

WELLS FARGO & COMPANY, AS
SUCCESSOR IN INTEREST TO
WORLD SAVINGS BANK; EDWARD R.
WHITESELL; JAMES W. WHITESELL;
AND GOLDEN WEST SAVINGS
ASSOCIATION SERVICE CO., A
CALIFORNIA CORPORATION,
Appellants,
vs.
FERRELL STREET TRUST,
Respondent.

No. 72012

FILED

DEC 14 201·

ELIZABETH A. ...
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court final judgment following a bench trial in a quiet title action. Eighth Judicial District Court, Clark County; Joseph T. Bonaventure, Judge.

Appellant Wells Fargo challenges the relevant provisions in NRS Chapter 116, arguing that the statutory scheme violates its due process rights. As Wells Fargo acknowledges, this court's decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017), forecloses that challenge.[1]

---

[1]We need not address Wells Fargo's argument that NRS 116.3116 uses an "opt-in" notice scheme because it would not change the holding in *Saticoy Bay* that due process is not implicated, which was based on the absence of state action. *See* 133 Nev., Adv. Op. 5, 388 P.3d at 974. Nevertheless, we note that this court has observed that NRS 116.31168 (2013) incorporated NRS 107.090 (2013), which required that the notice of default and notice of sale be sent to a deed of trust beneficiary. *SFR Inv. Pool 1 v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 418 (2014);

17-43196

Wells Fargo also suggests that the district court should have set aside the sale based on the inadequacy of the purchase price. This court has long held that inadequacy of price alone is not sufficient to set aside a foreclosure sale. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 12-17, ___ P.3d ___ (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale). Instead, the party seeking to set aside a foreclosure sale must demonstrate some element of fraud, unfairness, or oppression. *Id.* at 10-11. Here, as evidence of unfairness, Wells Fargo contends that the foreclosure notices that were mailed to its predecessor contained incorrect zip codes. However, Mr. Freeny testified at trial that an incorrect zip code on a piece of mail does not present a problem for the U.S. Postal Service and that the Postal Service is able to deliver the mail to the correct address.[2]

---

*id.* at 422 (Gibbons, C.J., dissenting); *see also Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1163-64 (9th Cir. 2016) (Wallace, J., dissenting). Although Wells Fargo argues that any holding that NRS 116.31168 (2013) incorporated NRS 107.090 (2013) should be applied prospectively only, we decline to consider this argument, as it does not appear that resolving this argument would affect the outcome of this appeal.

[2]We decline to consider Wells Fargo's argument that the mailings violated NRS 107.090's requirement that a return receipt be requested. Although return receipts were discussed generally at trial, NRS 107.090's requirement was not brought to the district court's attention. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). In any event, we note that Mr. Freeny testified that a mailing containing an Oakland, California address with a postal code for Villejuif, France would either (1) be delivered to the Oakland address despite the incorrect zip code; (2) if not, returned to the sender due to insufficient postage to deliver to Villejuif; or (3) if somehow delivered to Villejuif, returned to the sender once no

SUPREME COURT
OF
NEVADA

(O) 1947A

Thus, Mr. Freeny's testimony constituted substantial evidence that the statutorily required notices were mailed to Wells Fargo's predecessor.[3] *See Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (reviewing a district court's factual findings following a bench trial for substantial evidence); *cf. Hankins v. Adm'r of Veterans Affairs*, 92 Nev. 578, 580, 555 P.2d 483, 484 (1976) ("Mailing of the notices is all that the statute requires . . . . Actual notice is not necessary as long as the statutory requirements are met."); *Turner v. Dewco Servs., Inc.*, 87 Nev. 14, 16, 479 P.2d 462, 464 (1971) ("The statute does not require proof that the notice be received.").

Thus, although a grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale, *Nationstar Mortg.*, 133 Nev., Adv. Op. 91 at 15-16, Wells Fargo did not offer any evidence other than the inadequacy of the purchase price. Therefore, the district court correctly declined to set aside the sale based on the purported inadequacy of the sales price.[4] *Weddell*, 128 Nev. at 101, 271

---

corresponding street address in Villejuif could be found. The record contains no evidence suggesting that either the second or third scenario happened.

[3]Although Wells Fargo argues that the district court improperly relied on the deed recitals as proof that the notices were mailed, the district court expressly stated in its order that it relied on Mr. Freeny's testimony as evidence that the notices were properly mailed.

[4]Because Wells Fargo did not demonstrate sufficient grounds to justify setting aside the foreclosure sale, we need not address respondent's putative status as a bona fide purchaser.

P.3d at 748; *Nationstar Mortg.*, 133 Nev., Adv. Op. 91 at 12-17. In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Chief Judge, The Eighth Judicial District Court
       Hon. Joseph T. Bonaventure, Senior Judge
       Snell & Wilmer, LLP/Tucson
       Snell & Wilmer, LLP/Las Vegas
       Law Offices of Michael F. Bohn, Ltd.
       Eighth District Court Clerk