# IN THE SUPREME COURT OF THE STATE OF NEVADA

PENNYMAC CORP.,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondent.

No. 73405

FILED

SEP 14 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment, certified as final under NRCP 54(b), in a judicial foreclosure and quiet title action.[1] Eighth Judicial District Court, Clark County; Richard Scotti, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

Appellant argues that the district court erred in concluding that the homeowners' association (HOA) foreclosed on the superpriority piece of its lien under NRS 116.3116 rather than just the subpriority piece.[2] In this, appellant argues that an HOA can elect to proceed on only the subpriority piece of its lien without offending NRS 116.1104, which states that the rights provided to an HOA in NRS Chapter 116 cannot be waived or varied by agreement. Although this court has recognized that NRS 116.1104 invalidates mortgage protection clauses, *SFR Invs. Pool 1, LLC v. U.S. Bank*, 130 Nev. 742, 757-58, 334 P.3d 408, 419 (2014), appellant suggests

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]All statutory references are to the provisions in effect at the relevant time, before the 2015 amendments.

18-35947

that an election to proceed only on the subpriority piece is an election of remedies, not a waiver, and that NRS 116.3116(7) allows an HOA to elect remedies. This argument is not supported by any relevant authority, and we disagree with appellant's interpretation of NRS 116.3116(7).

NRS 116.3116(7) stated, "This section does not prohibit actions to recover sums for which subsection 1 creates a lien or prohibit an association from taking a deed in lieu of foreclosure." Its plain language provides only that an HOA is not prohibited from taking action other than foreclosure to satisfy its lien. It says nothing about an HOA choosing to foreclose on only the subpriority piece of its assessment lien when the superpriority piece has not been satisfied. *See SFR Invs.*, 130 Nev. at 757-58, 334 P.3d at 419 (stating that nothing in NRS 116.3116 expressly provides for a waiver of the HOA's right to a priority position). We therefore are not convinced that any such choice can be characterized as an "election of remedies" that could be logically distinguished from a waiver that is precluded by NRS 116.1104. Even if we were to credit appellant's distinction, the CC&Rs' "restrictive covenant" upon which appellant relies does not support its election-of-remedies argument, as the provision simply states that "[a] breach by an Owner of any of the covenants, conditions and restrictions contained herein shall not affect, impair, defeat or render invalid the lien . . . of any first Mortgage." This restrictive covenant does not mention NRS Chapter 116 or expressly state the election appellant attributes to it, and we question whether the homeowners' default on their monthly assessments was truly a "breach" of the CC&Rs in light of the CC&Rs' express contemplation of such a default. In sum, we are not persuaded that the HOA could have elected to foreclose on only the subpriority portion of its lien, and even if it could have, the relied-upon

restrictive covenant provides no evidence that the HOA made such an election.

Appellant next contends that even if the sale was not a subpriority-only sale, the district court should have set it aside based on the grossly inadequate purchase price and evidence of unfairness in the foreclosure process. *Cf. Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale absent evidence of "fraud, unfairness, or oppression"). As evidence of unfairness, appellant contends (1) the foreclosure notices were not received by appellant's predecessor, (2) the CC&Rs' restrictive covenant represented that an HOA foreclosure sale would not extinguish the deed of trust, (3) the foreclosure sale proceeds were distributed in a manner inconsistent with a superpriority sale, (4) the notice of default did not indicate whether the HOA was asserting a superpriority lien right or identify the superpriority lien amount, (5) the notice of sale and opening bid price included $250 for post-foreclosure transfer taxes, and (6) the HOA did not mail the notice of sale to the substituted trustee for the deed of trust.

We are not persuaded that this evidence constitutes unfairness.[3] First, the relevant statutes required only that the notices be

---

[3]We additionally question whether these alleged instances of unfairness would provide an equitable basis to set aside the sale insofar as appellant is concerned, as appellant was assigned the deed of trust at a time when appellant had record notice that the foreclosure sale had already taken place. *See SFR Invs. Pool 1, LLC v. First Horizon Home Loans*, 134 Nev., Adv. Op. 4, 409 P.3d 891, 894 (2018) (observing that the purpose of Nevada's recording statutes is to "'impart notice to all persons of the

mailed, not received. *Cf. Hankins v. Admin. of Veteran Affairs*, 92 Nev. 578, 580, 555 P.2d 483, 484 (1976) ("Mailing of the notices is all that the statute requires . . . . Actual notice is not necessary as long as the statutory requirements are met."); *Turner v. Dewco Servs., Inc.*, 87 Nev. 14, 16, 479 P.2d 462, 464 (1971) ("The statute does not require proof that the notice be received."). We decline to consider appellant's argument, raised for the first time on appeal, that unfairness exists by virtue of the HOA agent's failure to locate an alternative address for appellant's predecessor once the notice of default was returned as undeliverable. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). We note, however, that nothing in NRS Chapter 116 required the HOA's agent to do so.

Second, appellant has not presented any evidence that potential bidders were misled by the CC&Rs' restrictive covenant and that bidding was chilled.[4] Moreover, we must presume that any such bidders also were aware of NRS 116.1104, such that they were not misled.[5] *See Smith v. State*,

---

contents thereof" and that "'subsequent purchasers and mortgagees shall be deemed to purchase and take with notice'" (quoting NRS 111.320)).

[4]As explained above, the identified restrictive covenant does not actually state that the HOA was electing to conduct a subpriority-only sale. We presume appellant is referring to Section 5.07 of the CC&Rs, which provides that the HOA's lien is "subordinate to the lien of any first Mortgage."

[5]In this respect, and to the extent that it is persuasive, *ZYZZX2 v. Dizon*, No. 2:13-CV-1307, 2016 WL 1181666 (D. Nev. 2016), is distinguishable because in addition to the CC&Rs' restrictive covenant, the HOA sent a letter to the deed of trust beneficiary affirmatively misrepresenting to the beneficiary that it would not need to take any action to protect its deed of trust.

38 Nev. 477, 481, 151 P. 512, 513 (1915) ("Every one is presumed to know the law and this presumption is not even rebuttable.").

Third, because the HOA agent's post-sale distribution of proceeds had no bearing on the events leading up to and during the sale, this post-sale impropriety could not amount to unfairness affecting the actual sale.[6] Moreover, NRS 116.31166(2) absolved respondent from any responsibility to see that the sale proceeds were properly distributed.[7]

Fourth, the notice of default was not required to indicate whether the HOA was asserting a superpriority lien right or identify the superpriority lien amount, see SFR, 130 Nev. at 757, 334 P.3d at 418 (observing why it was "appropriate" for the notices not to do so), and in any event, the August 2012 notice of default expressly stated that the former homeowners had been delinquent on their monthly assessments since October 2011, with the necessary implication being that the HOA's lien included a superpriority component.

Fifth, the fact that the notice of sale and opening bid price included $250 for post-foreclosure transfer taxes as an amount owed does not necessarily mean that this amount was part of the HOA's lien, and as explained above, the foreclosed-upon lien included a superpriority component. See id. at 758, 334 P.3d at 419 (observing that an HOA's proper

---

[6]We decline to consider appellant's argument regarding unfairness with respect to how the opening bid was set. Francis v. Wynn Las Vegas, LLC, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011); Old Aztec, 97 Nev. at 52, 623 P.2d at 983.

[7]Contrary to appellant's suggestion, the agent's distribution of proceeds was not entirely consistent with a subpriority-only sale, as it reimbursed the HOA in full, which included the unpaid monthly assessments comprising the superpriority portion of its lien.

foreclosure of a lien comprised of unpaid periodic assessments extinguishes a deed of trust).

Finally, and contrary to appellant's assertion, the notices of sale were mailed *before* the substitution of trustee was recorded. Under the applicable statute, *see* NRS 116.311635(1), the HOA's agent was not required to mail the notices of sale after it recorded a copy of it, nor was the agent required to re-check the public records for potential new addresses between mailing and recording. Accordingly, we are not persuaded that the agent's failure to undertake an extra-statutory duty to ensure that appellant's predecessor had actual notice of the foreclosure sale amounts to unfairness sufficient to set aside the sale, particularly with respect to appellant, who, as indicated, acquired its purported interest in the property with record notice that the sale had already taken place. In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Richard Scotti, District Judge
Akerman LLP/Las Vegas
Kim Gilbert Ebron
Eighth District Court Clerk