# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF MALIK W. AHMAD, BAR NO. 10305.

No. 78425

FILED

NOV 07 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK



## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Malik W. Ahmad be suspended for one year based on violations of RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), and RPC 8.4 (misconduct).[1]

We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and thus, will not set them aside unless they are clearly erroneous or not supported by substantial evidence, *see generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009). In contrast, we review de novo a disciplinary panel's conclusions of law and recommended discipline. SCR 105(3)(b).

As an initial matter, Ahmad argues that this matter must be dismissed because the hearing panel's order was untimely and because the hearing panel abused its discretion in admitting into evidence copies of his

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this matter.

19-45877

bank records. We are not persuaded by either argument. While SCR 105(2)(e) requires a written decision within 30 days of the conclusion of the hearing, it does not require dismissal of a matter when a written order is not entered within that time. Further, dismissal would be inappropriate here as Ahmad at least partially caused the delay in the filing of the written decision. Further, because Ahmad failed to timely object to the admission of copies of his bank records, the hearing panel did not abuse its discretion in admitting those records. *M.C. Multi-Family Dev., LLC v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008) (providing that this court generally reviews a decision to admit evidence for an abuse of discretion); *see* SCR 110; *Hankins v. Adm'r Of Veteran's Affairs*, 92 Nev. 578, 579-80, 555 P.2d 483, 484 (1976) (providing that testimony of a custodian of records is unnecessary when the record's authenticity and use in the regular course of business are demonstrated).

The State Bar has the burden of showing by clear and convincing evidence that Ahmad committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We defer to the panel's findings of fact in this matter as they are supported by substantial evidence and are not clearly erroneous. After the opposing party was sanctioned in bankruptcy court, Ahmad received payment of the sanctioned amount, including $21,000 in late fees, on behalf of his clients. Ahmad acknowledged that he failed to inform his clients of the amount he received and that he retained the $21,000. While he argues he was owed that amount for legal work, there is no written contract in the record whereby the clients agreed to pay him that amount for legal work. *See* RPC 1.5(c) (requiring a contingency fee agreement to be in writing and signed by

the client). Further, the record contains emails between Ahmad and the clients in which the clients communicated their belief that they would not be charged additional attorney fees and Ahmad did not correct that belief in responding to the emails. The client also testified that she had a difficult time communicating with Ahmad. Thus, we agree with the panel's conclusions that the State Bar established by clear and convincing evidence that Ahmad violated the above-listed rules.

In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). We must ensure that the discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 114, 213, 756 P.2d 464, 527-28 (1988) (noting the purpose of attorney discipline).

Ahmad violated duties owed to his clients (communication, fees, and safekeeping property) and the profession (misconduct). Ahmad's mental state was intentional as he purposefully did not inform his clients of the amount they had received so as to avoid a fee dispute. The clients were harmed because they were not provided their funds and they were never informed of the amount they had received or provided an invoice from Ahmad documenting his billed hours so they were unable to contest whether he earned the full amount he retained. The baseline sanction for Ahmad's conduct, before consideration of aggravating and mitigating circumstances, is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard

4.11 ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."). The record supports the panel's findings of four aggravating circumstances (prior discipline, dishonest or selfish motive, refusal to acknowledge the wrongful nature of the conduct, and vulnerability of the victim) and two mitigating circumstances (personal or emotional problems and physical disability). While Ahmad asserts additional mitigating circumstances should apply and that certain aggravating circumstances were wrongly applied, the record does not support those arguments. Considering all of the factors, including Ahmad's personal problems and physical disability, and the fact that Ahmad may be entitled to some of the retained funds as attorney fees, we agree with the panel that a downward deviation from the baseline sanction of disbarment is appropriate and that a one-year suspension serves the purpose of attorney discipline.

Accordingly, we hereby suspend attorney Malik W. Ahmad from the practice of law in Nevada for one year from the date of this order.[2] Ahmad shall participate in fee dispute arbitration and any award ordered through that arbitration must be paid as restitution within 90 days of the arbitration decision. Additionally, Ahmad shall pay the costs of the disciplinary proceedings as accounted for in the State Bar's memorandum

---

[2]To the extent the parties' additional arguments are not addressed herein, we conclude they do not warrant a different outcome.

of costs, including $2,500 under SCR 120, within 30 days from the date of this order.[3] The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                            Hardesty

_____, J.          _____, J.
Parraguirre                          Stiglich

_____, J.          _____, J.
Cadish                               Silver


cc:    Chair, Southern Nevada Disciplinary Board
       Law Office of Malik W. Ahmad
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court

---

[3]We are not persuaded by Ahmad's argument that he should not have to pay the full amount listed in the memorandum because a portion of the listed costs are unreasonable. Because those costs are allocable to the disciplinary proceedings and the panel deemed them to be reasonable, we conclude that they were properly assessed against Ahmad. *See* SCR 120 (providing that the attorney subject to discipline will be assessed the allocable costs of the proceedings in addition to the $2,500 administrative costs required under SCR 120(3)).