NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

METLIFE HOME LOANS LLC,

Plaintiff-Appellee,

v.

RIVER GLIDER AVENUE TRUST,

Defendant-Appellant.

No.   18-16475

D.C. No.
2:17-cv-00215-JCM-PAL

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 30, 2020**
Pasadena, California

Before: MURGUIA and MILLER, Circuit Judges, and STEEH,*** District Judge.

River Glider Avenue Trust appeals from the district court's order granting

summary judgment in favor of MetLife Home Loans LLC, declaring that River

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable George Caram Steeh III, United States District Judge
for the Eastern District of Michigan, sitting by designation.

Glider's title to real property purchased at a homeowners' association (HOA) foreclosure sale remained encumbered by MetLife's deed of trust. We have jurisdiction under 28 U.S.C. § 1291, and we review the grant of summary judgment de novo. *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1144 (9th Cir. 2018). We reverse and remand for further proceedings.

In granting summary judgment, the district court concluded that even if MetLife had received sufficient notice of the foreclosure sale to satisfy the requirements of Nevada Revised Statutes § 116.3116 *et seq.*, that notice was not constitutionally adequate under our decision in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1160 (9th Cir. 2016). In light of intervening authority holding that section 116.3116's notice provisions are facially constitutional, *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248, 1252–53 (Nev. 2018), *Bourne Valley* is no longer controlling, and we need only consider whether the notice was statutorily defective.

There are genuine issues of fact material to whether the HOA, in foreclosing on the property, mailed the required notices to all interested parties. The pre-2015 version of the relevant statutes required the HOA to mail certain notices to all recorded lienholders with subordinate interests, including (1) notice of default and election to sell the property to satisfy the lien and (2) notice of foreclosure sale.

2

Nev. Rev. Stat. §§ 116.31162(1)(b), 116.311635(1), 116.31168(1), 107.090; *see*

*SFR Invs. Pool 1*, 422 P.3d at 1252–53.

Here, the record shows that in September 2010, after the HOA's agent

recorded the notice of default and election to sell, it sent copies of that notice by

certified mail to at least seven addresses. The record also shows that in July 2011,

after the HOA's agent recorded the notice of foreclosure sale, it sent copies of that

notice by certified mail to MetLife, as the recorded lender, and to Mortgage

Electronic Registration Systems, Inc., as the recorded beneficiary. In addition, the

foreclosure deed states that "[a]ll requirements of law regarding the mailing of

copies of notices . . . have been complied with." *See* Nev. Rev. Stat.

§ 116.31166(9) ("A deed containing the recitals . . . is conclusive against . . . all

other persons.").

MetLife challenges that evidence, casting doubt on whether the HOA's

agent in fact mailed the notices to MetLife and the other interested parties. For

example, MetLife points out that the documentation containing the mail receipts

includes the phrase "NOT MAILINGS," and that the HOA status report fails to

show that copies of the notice of foreclosure sale were mailed in July 2011. But

those evidentiary deficiencies do not conclusively establish that the HOA's agent

failed to mail the notices—they merely establish that there are genuine disputes of

material fact on that issue. Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

MetLife also argues that its own testimonial evidence establishes that it never actually received notice. But even assuming that MetLife, which was not then the recorded beneficiary, was entitled to notice under section 116.3116, "[a]ctual notice is not necessary as long as the statutory requirements are met." *Hankins v. Adm'r of Veterans Affairs*, 555 P.2d 483, 484 (Nev. 1976) (per curiam). Under Nevada law, it is sufficient that the notices be mailed. *Id*. ("Mailing of the notices is all that the statute requires.").

MetLife asks us to affirm the grant of summary judgment on other grounds, including that River Glider is judicially estopped from asserting that the foreclosure sale extinguished MetLife's deed of trust. The district court did not address those arguments, and we decline to do so in the first instance. Instead, we leave them for the district court to consider on remand. *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 644 n.5 (9th Cir. 2018) (per curiam).

**REVERSED and REMANDED**.