# IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD R. LEW, AN INDIVIDUAL,
Appellant,
vs.
CATAMOUNT PROPERTIES 2018, LLC;
AND WELLS FARGO BANK,
Respondents.

No. 81802

**FILED**

JUN 11 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court summary judgment in a quiet title action. Third Judicial District Court, Lyon County; John Schlegelmilch, Judge.[1]

Appellant Donald R. Lew purchased the subject property with a home loan held by respondent Wells Fargo Bank and defaulted on the loan the next year. After nearly three years of failed negotiations to reinstate the loan, Wells Fargo sold the property at a trustee's sale under NRS 107.080 to respondent Catamount Properties 2018, LLC, but Lew refused to vacate the property. Lew filed a quiet title action in district court alleging wrongful foreclosure; Catamount filed counterclaims to quiet title and for unlawful detainer, seeking a writ of restitution to remove Lew from the property. The district court found the foreclosure sale was valid and entered summary judgment in respondents' favor. The district court also issued Catamount a writ of restitution allowing it to evict Lew and ordered Lew to pay damages to Catamount for the time he remained in the property without Catamount's permission.

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted.

21-16900

Lew contends that the district court erred by entering summary judgment for respondents and argues that this court should void Wells Fargo's foreclosure sale and quiet title in his favor. Reviewing the summary judgment de novo, *Wood v. Safeway*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we disagree and affirm.

Lew first challenges the conclusion that the foreclosure sale was valid, asserting that Wells Fargo admitted it did not comply with NRS 107.086's requirement to notify him of the option to participate in foreclosure mediation before the sale. Our review of the record reveals no error, as Wells Fargo both denied Lew's allegations in its discovery responses and provided the district court with proof that it substantially complied with all applicable notice requirements before proceeding with foreclosure. *See* NRS 107.080(5)(a) (requiring substantial compliance with the foreclosure statutes); *Dewey v. Redevelopment Agency*, 119 Nev. 87, 93, 64 P.3d 1070, 1075 (2003) (reviewing a district court's legal conclusions de novo); *Hankins v. Adm'r of Veterans Affairs*, 92 Nev. 578, 580, 555 P.2d 483, 484 (1976) ("Actual notice is not necessary as long as the statutory requirements are met.").

We also reject Lew's argument that the district court lacked jurisdiction to issue a writ of restitution, as the district court "independently acquired jurisdiction [over the entire action] due to appellant's request [to quiet title]." *Castillo v. United Fed. Credit Union*, 134 Nev. 13, 18, 409 P.3d 54, 58 (2018). And the justice court did not have original jurisdiction over Catamount's unlawful detainer counterclaim. *See* Nev. Const. art. 6, § 6(1) (providing that district courts "have original jurisdiction in all cases excluded by law from the original jurisdiction of justices' courts"); NRS 4.370(1) (2019) (defining justice courts' jurisdiction).

Lastly, we reject Lew's argument that the district court's writ of restitution violated the State of Nevada's various emergency directives staying certain residential evictions due to the COVID-19 pandemic, as the relevant directives did not bar the continuation of eviction proceedings that began before March 12, 2020, and Catamount filed its unlawful detainer counterclaim against Lew in September 2019. Moreover, the State's directives only applied to landlord-tenant evictions and Lew failed to demonstrate that he had a landlord-tenant relationship with Catamount. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Hon. John Schlegelmilch, District Judge
       Donald R. Lew
       Snell & Wilmer, LLP/Tucson
       Wedgewood, LLC
       Snell & Wilmer, LLP/Las Vegas
       Hutchison & Steffen, LLC/Las Vegas
       Third District Court Clerk